**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**HENNOK WOLDU,**<br><br>**Defendant.** | **Case No. 1:25-cr-00012 (JMC)** |

# GOVERNMENT'S STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

## I. Elements of the Offense

The essential elements of Count 1, Unlawful Possession of Postal Service Key, each of which the Government must prove beyond a reasonable doubt are:

1. Hennok Woldu knowingly and willfully possessed a set of U.S. Postal keys suited to any lock adopted by the Postal Department or Postal Service in use on any of the mails or bags thereof, or any key to any lock box, lock drawer, or other authorized receptacle for the deposit or delivery of mail matter; and
2. Hennok Woldu possessed the keys with the intent to unlawfully or improperly use, sell, or otherwise dispose of the keys, or to cause the keys to be unlawfully or improperly used, sold, or otherwise disposed of.

The essential elements of Count 2, Possession of Stolen Mail, each of which the Government must prove beyond a reasonable doubt are:

1. Hennok Woldu knowingly and willfully possessed mail;
2. The mail was stolen from a United States post-office or post-office station, a letter box, a mail receptacle, a mail route, an authorized depository for mail matter, or a letter or mail carrier;

3. Hennok Woldu possessed the mail after it was stolen; and
4. Hennok Woldu knew that the mail was stolen.

The essential elements of Count 3, Receiving Stolen Property, each of which the Government must prove beyond a reasonable doubt are:

1. The property, specifically a set of U.S. Postal Service keys, U.S. Postal Service vehicle key, mail, and bank checks, had been stolen;
2. Hennok Woldu brought, received, or possessed the stolen property;
3. At the time, Hennok Woldu did so, he knew or had reason to believe that the property was stolen and intended to deprive another of the right to the property or to a benefit of the property; and
4. The property had the value of $1,000 or more.

## II. <u>Penalties for the Offense</u>

The penalties for Count 1, in violation of 18 U.S.C. § 1704, are as follows:

- A maximum term of 10 years imprisonment;
- A fine not to exceed $250,000;
- A term of supervised release of not more than 3 years;
- A special assessment of $100.

The penalties for Count 2, in violation of 18 U.S.C. § 1708, are as follows:

- A maximum term of 5 years imprisonment;
- A fine not to exceed $250,000;
- A term of supervised release of not more than 3 years;
- A special assessment of $100.

The penalties for Count 3, in violation of 22 D.C. Code § 3232, are as follows:

- A maximum term of 5 years imprisonment;
- A fine not to exceed $25,000;
- A term of supervised release of not more than 3 years;
- A special assessment of $100.

## III. Factual Proffer

Had this case gone to trial, the Government's evidence would have proven the following:

On Tuesday, April 1, 2025, members of the Metropolitan Police Department ("MPD's") Fourth District received a 911 call for a robbery that had just occurred. Officers responded to the area, met with the complainant, an on-duty United States Postal Service ("USPS") employee, and requested a detective to respond to the scene.

MPD detectives met with the complainant, who reported that, at approximately 5:48 p.m., a suspect approached the complainant from behind and stated, "Bro, give me everything, give me the keys." The complainant, who was in the process of delivering mail to 4803 3rd Street NW in Washington, D.C., turned and saw a male wearing all black with a face mask pointing a firearm at him. The suspect then removed a USPS arrow key bearing serial number 7-31397, the building keys for postal route 19, the keys to the complainant's USPS vehicle, and the complainant's USPS identification card from a chain worn around his neck. The suspect then ran back to a black four-door sedan with tinted windows and entered the front driver's seat and fled the scene traveling northbound on 3rd Street NW.

The complainant described the suspect as a black male, taller than 5'4" in height, with a skinny build. He described the route key as providing access to 124, 126, 128, 130, and 129 Webester Street NW and 215 Upshur Street NW.

Surveillance footage received by law enforcement from that day shows the robbery and the car used by the perpetrators. In the video, a suspect wearing all black with a black mask can be seen exiting and entering a black four-door sedan with dark tinted windows from the front passenger door. The suspect vehicle appeared to have damage above the right rear wheel.

On April 1, 2025, members of the MPD Robbery Suppression Unit were working the evening tour of duty dressed in plain clothing with police outer vests and operating marked and unmarked vehicles. Shortly after 2007 hours (8:07 p.m.), investigators pulled into the 500 block of Hobart Street NW in Washington, D.C. While in the block, Sargent Scott Possinger voiced to members of the unit over the radio that a parked black four-door sedan, bearing Maryland registration 4FJ7898, had no front license plate. The vehicle was parked on the northside of the parking lane and was idling with no front headlight illuminated. Additionally, Sargent Possinger observed two individuals inside the vehicle, both of whom were wearing ski masks. Law enforcement officers activated their cruiser's emergency equipment and initiated a traffic stop of the black four-door sedan.

MPD Investigators Mark Minzak and Michael Perez approached the vehicle and observed two individuals, later identified as Tsegaye Woldegiorgis and Hennok Woldu, seated in the front driver's seat and in the front messenger seat, respectively. No other individuals were in the vehicle. As Mr. Woldegiorgis and Mr. Woldu were stepping out of the vehicle, Investigator Perez observed a vehicle key fall from Mr. Woldu's lap onto the ground, which was recovered by law enforcement.

During a search of Mr. Woldu, law enforcement recovered $900 in U.S. currency from Mr. Woldu's right pant pocket and two sets of keys from Mr. Woldu's left pant pocket. Several of the keys were marked "U.S.P.S."—an abbreviation for United States Postal Service.

After further investigation, law enforcement confirmed that one of the two sets of USPS keys recovered from Mr. Woldu matched the USPS keys that were taken from the complainant earlier that day. Law enforcement also confirmed that the vehicle key that fell from Mr. Woldu's lap was the USPS vehicle key that was taken from the complainant earlier that day.

Law enforcement searched the black four-door sedan, bearing Maryland registration 4FJ7898, and recovered, among other things, mail addressed to the Internal Revenue Service at P.O. Box 931000, Louisville, KY 40293-1000. The return address on the mail was for an individual other than Mr. Woldu and Mr. Woldegiorgis as well as other mail matter and bank checks.

On April 1, 2025, Mr. Woldu possessed a set of USPS keys suited to locks on authorized receptacles for the deposit of mail matter, a USPS vehicle key, bank checks, and stolen mail voluntarily and on purpose, and not by mistake or accident. At the time that he possessed those items, Mr. Woldu knew that each of those items had been stolen, and he possessed each of those items with the intent to deprive another of a right to and a benefit of those items.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of Offense fairly and accurately summarizes and describes some of the defendant's actions and

involvement in the offense to which he is pleading guilty.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Charles Klug*
CHARLES KLUG
Assistant United States Attorney
D.C. Bar No. 1619775
United States Attorney's Office
601 D. Street, NW
Washington, DC 20579
(202) 730-6872
Charles.Klug@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 8/5/26

Hennok Woldu
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 8/5/26

Scott Krischke
Attorney for Defendant